**EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, a Wisconsin corporation, as Assignee and Subrogee of Durocher, Van Antwerp, Inc., Libelant,**

v.

**AETNA INSURANCE COMPANY, Respondent.**

**Civ. A. No. 24951.**

United States District Court
E. D. Michigan, S. D.

May 19, 1966.

John Hamilton, Foster, Meadows & Ballard, Detroit, Mich., for libelant.

Robert Jenkins, Scholl & Jenkins, Detroit, Mich., for respondent.

ROTH, District Judge.

Libelant settled with subrogor's employee for injuries suffered while engaged in dredging operations when dynamite exploded above water causing pipe fragment to strike him on the arm. The employee was standing on barge "508", which was attached to the tug RAY

DUROCHER when the injury occurred. Libelant insured its subrogor generally as an employer in the amount of Twenty-five Thousand Dollars ($25,000.00). Respondent had in effect with libelant's subrogor a policy of marine insurance which contained a Great Lakes protection and indemnity clause limited in the same amount as the libelant's policy. Libelant brought this action to recover one-half of the settlement less Five Hundred Dollars ($500.00), respondent's deductible clause, claiming the policy of respondent insured against the liability for injury to the subrogor's employee. The protection and indemnity clause states that the respondent—

" ........DOES INSURE........

"Against the Assured's liabilities * * * in respect of the Vessel called the RAY DUROCHER:

"If the Assured, as owner of said Vessel, shall have become liable to pay, and shall have in fact paid, any sum or sums arising from or occasioned by ................:

"(D) Loss of life, personal injury * * *."

The parties submitted this case on stipulated facts, among which they agreed that if the respondent was liable, it would be in the amount of $8,746.84.

The issue before the Court is whether the protection and indemnity clause in the policy issued by the respondent is applicable where the employee was engaged in duties of employment as a pile-driver.

■ The libelant contends the policy of the respondent applies to this situation because (1), the employee who was injured was also a deck hand on the tug RAY DUROCHER and (2), the barge was attached to the tug at the time of the accident, thereby, making the barge and the tug one vessel. In support of his first contention, libelant relies upon the case of Upper Columbia River Towing Co. v. Glen Falls Insurance Co., 179 F. Supp. 705 (D.C.Or., 1959). This case is distinguishable from the one at bar in that the employee in the cited case was in the performance of duties asso-ciated with his employment as a crew member of a tug engaged in towing operations. The primary operations of the libelant's subrogor do not involve towing other vessels, but rather the business of marine construction. The tug was used to move the barge into position and to transport the employees from land to the barge. It was while engaged in the construction operations that the employee of the subrogor was injured. Furthermore, the *Upper Columbia River* case involved the interpretation of contract clauses not found in the contract before this Court.

■■ To support its second contention, the libelant relies upon the definition of "vessel" found in Judge L. Hand's opinion in Standard Dredging Co. v. Kristiansen, 67 F.2d 548 (C.A.2, 1933). However, that case interpreted "vessel" as found in the Jones Act for purposes of limiting liability. The definition of "vessel" to be applied in this contract is the popularly accepted meaning, unless the parties are shown to have intended otherwise. Standard Oil Co. v. Ogden & Moffett Co., 242 F.2d 287 (C.A.6, 1957), and Crain Bros., Inc. v. Hartford Fire Insurance Co., 149 F.Supp. 663 (D.C.W.D.Pa., 1957). Using libelant's interpretation of "vessel" in the contract would make the respondent a general insurer respecting all marine construction operations. This intent is not evidenced by the terms of the contract or by any facts submitted to this Court.

■ Therefore, construing the contract in accordance with the plain ordinary meaning of its terms, this Court concludes that the protection and indemnity clause in the policy issued by the respondent does not insure against liability of the insured for injuries to its employee while engaged in construction operations wholly dis-associated with the operation of the tug RAY DUROCHER. The libel filed by Employer's Mutual Liability Insurance Company against the Aetna Insurance Company will be dismissed, and an appropriate order may be submitted.